UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD MASCELLI and TRACY MASCELLI, h/w | : CIVIL ACTION : : |
| vs. | : : |
| THOMAS MILLER and CHRISTINE MILLER | : NO. 02-CV-3005 |

**DEFENDANTS, THOMAS MILLER and CHRISTINE MILLER'S AMENDED ANSWER WITH AFFIRMATIVE DEFENSES**

1. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

2. Admitted.

3. Admitted in part, denied in part. It is specifically denied that Christine Miller was an operator of a motor vehicle involved in the accident. The remainder of the allegations contained in this paragraph are admitted.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Admitted.

9. Denied.

10. Denied.

## COUNT I

11. Answering Defendants, Thomas Miller and Christine Miller, hereby incorporate by reference paragraphs 1 through 10 of their Answer to Plaintiff's Complaint as

though same were set forth herein at length.

    12.    Denied.

    13.    Denied.

    14.    Denied.

    15.    Denied.

    16.    Denied.

    17.    Denied.

    18.    Denied.

WHEREFORE, Answering Defendants, Thomas Miller and Christine Miller, respectfully demands judgment in their favor and against all other parties together with the costs of this action.

## COUNT II

    19.    Answering Defendants, Thomas Miller and Christine Miller, hereby incorporate by reference paragraphs 1 through 18 of their Answer to Plaintiff's Complaint as though same were set forth herein at length.

    20.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

    21.    Denied.

    22.    Denied.

WHEREFORE, Answering Defendants, Thomas Miller and Christine Miller, respectfully demands judgment in their favor and against all other parties together with the costs of this action.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Answering Defendant, Thomas Miller.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Answering Defendant, Christine Miller.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff was injured as alleged, said injuries being expressly denied, then said injuries are due to the acts of third parties over whom Answering Defendants, Thomas Miller and Christine Miller, exercised no control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff, Richard Mascelli, was contributorily negligent as a matter of law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the Pennsylvania Comparative Negligence Act, the relevant portions of which are incorporated herein by reference as if more fully set forth at length.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred and/or limited pursuant to the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Act, 75 Pa.C.S.A. 1701, et. seq., and Answering Defendants, Thomas Miller and Christine Miller, hereby assert all of the rights and defenses available to them under the aforementioned act.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff knowingly assumed the risk of his injuries.

### NINTH AFFIRMATIVE DEFENSE

Answering Defendants, Thomas Miller and Christine Miller, believe and therefore aver, that any alleged negligent act or omission was not the proximate cause of plaintiff's injuries.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited pursuant to the applicable Statute of Limitations, the relevant portions of which are incorporated herein by reference.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the tort thresholds, applicable by election or law, of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §1701, et. seq.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the preclusion of pleading, proving and/or recovering special damages as set forth in §1722 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §1722.

### THIRTEENTH AFFIRMATIVE DEFENSE

If it is determined that Defendants are liable to Plaintiff's cause of action, the Defendants aver that Plaintiff's recovery shall be eliminated or reduced in accordance with the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. §1702.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited pursuant to the Delaware Financial Responsibility Law, 21 Del.C. Section 2118, et. seq.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the Delaware Comparative Negligence Rule, 10 Del.C. Section 8132, et . seq.

## SIXTEENTH AFFIRMATIVE DEFENSE

This Honorable Court lacks jurisdiction pursuant to 28 U.S.C. Section 1332.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the Delaware Sudden Stop Law, 21 Del.C. Section 4155(c).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the Unavoidable Accident Doctrine.

## NINETEENTH AFFIRMATIVE DEFENSE

Venue of this matter in the United States District Court for the Eastern District of Pennsylvania is improper because the cause of action arose in Delaware and Defendants reside in Cornwall, Lebanon County, Pennsylvania. Therefore, pursuant to 28 U.S.C. §1391, venue of this matter is proper only in the United States District Court for the District of Delaware or the United States District Court for the Middle District of Pennsylvania. Defendants hereby object to venue pursuant to Federal Rule of Civil Procedure 12(h)(1)(B) and request that this matter be moved to the Middle District of Pennsylvania.

WHEREFORE, Answering Defendants, Thomas Miller and Christine Miller, respectfully demands judgment in their favor and against all other parties together with the costs of this action.

MARGOLIS EDELSTEIN

BY: _____
JOHN A. LIVINGOOD, JR., ESQUIRE
Attorney for Defendants,
Thomas Miller and Christine Miller
I.D. No. 68996
The Curtis Center - Fourth Floor
Independence Square West
Philadelphia, PA 19106-3304
(215) 922-1100

M:\MDir\28400\4334\amended-answer

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD MASCELLI and TRACY MASCELLI, h/w | : CIVIL ACTION |
| vs. | : |
| THOMAS MILLER and CHRISTINE MILLER | : NO. 02-CV-3005 |

## CERTIFICATE OF SERVICE

    I, JOHN A. LIVINGOOD, JR., ESQUIRE do hereby certify that a true and correct copy of Defendants' Amended Answer with Affirmative Defenses was sent to counsel below named via first class United States Mail, postage prepaid on August 8, 2002:

Jeffrey M. Rosenbaum, Esquire
**Rosenbaum & Associates**
1818 Market Street, Suite 3200
Philadelphia, PA 19103-3611

        MARGOLIS EDELSTEIN

BY: _____
      JOHN A. LIVINGOOD, JR., ESQUIRE
      Attorney for Defendants,
      Thomas Miller and Christine Miller
      I.D. No. 68996
      The Curtis Center - Fourth Floor
      Independence Square West
      Philadelphia, PA 19106-3304
      (215) 922-1100

M:\MDir\28400\4334\amended-answer